## Ryon's Estate

*Samuel A. Goldberg,* of *Wolf, Block, Schorr & Solis-Cohen,* for exceptant.
*Bryan A. Hermes* and *Theodore L. Reimel,* contra.

STEARNE, J., June 29, 1934.—The most able argument and brief of counsel for exceptant has failed to convince us that the auditing judge erred. Were the question an open one, it would appear both logical and just to require the estate of the mortgagor to pay the mortgage debt, but to require subrogation in whole or proportionate part to the mortgagee claimant. Having purchased an *equity* in real estate, it would be manifestly unjust to permit such an owner to obtain payment from the mortgagor, and thus, without additional payment, secure the property clear of encumbrances. This is conceded. The question for our determination is the proper method of protecting the mortgagor's estate. In Stanhope's Estate, 184 Pa. 414, affirming the decision of Judge Penrose of this court, it was definitely ruled that, under the above circumstances, there is a presumed intention to indemnify the vendor against the mortgage. In almost identical facts, as here exist, Judge Penrose disallowed the claim.

We do not regard the fact that the present claimant acquired title to the equity in the real estate through a sheriff's sale as affecting this question. In either case, the principle appears to be the same. Nor do we consider that the "under and subject" cases apply, because in those cases there is clearly a contractual situation. We appreciate that it may seem startling to rule that a vendee (particularly at a sheriff's sale) is presumed to have undertaken to indemnify against existing undischarged encumbrances. Nevertheless, we feel bound by the decisions of the Supreme Court as pointed out by the auditing judge.

The exceptions are dismissed, and the adjudication is confirmed absolutely.